UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>    Plaintiff,<br><br>v.<br><br>LEWIS,<br><br>    Defendant. | No. 2:17-cv-2009-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant has filed a motion for an order revoking plaintiff's in forma pauperis status. ECF No. 15. For the following reasons, the motion must be denied.

**I.    Background**

This action proceeds on the complaint filed September 28, 2017. ECF No. 1. Plaintiff alleges that defendant Lewis, a correctional officer, used excessive force against him on October 5, 2015 by spraying him with pepper spray without cause and then unjustly charged him with committing battery on a peace officer. *Id.* at 4.

**II.    The Motion to Revoke *IFP* Status**

28 U.S.C. § 1915 authorizes federal courts to allow certain litigants to sue without prepayment of the ordinary filing fee (commonly referred to as "proceeding in forma pauperis").

/////

1

These litigants must show that they are unable to pay the fee. 28 U.S.C. § 1915(a)(1). Prisoners face additional barriers to proceeding in forma pauperis. One such barrier, known as the "three strikes" provision, provides: "In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005). Prior cases that fall within the categories described by § 1915(g) are known as "strikes." Thus, under § 1915(g), a prisoner with three or more strikes (and who was not under imminent danger at the time of filing the complaint) may not proceed in forma pauperis and must instead pay the full filing fee up front. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

A case is "frivolous" under § 1915(g) "if it is of little weight or importance: having no basis in law or fact." *King*, 398 F.3d at 1121 (internal quotation marks omitted). "A case is malicious if it was filed with the intention or desire to harm another." *Id.* And a case "fails to state a claim upon which relief may be granted" if it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that the plaintiff has sustained three strikes. *King*, 398 F.3d at 1120. To discharge this burden, the defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed for the reasons set forth in § 1915(g). Once the defendant has done so, the burden shifts to the plaintiff to persuade the court that § 1915(g) should not apply. *Id.*

The Ninth Circuit has cautioned district courts to look closely at dismissal orders and any other relevant information in determining whether a case was dismissed for one of the reasons listed in § 1915(g). *King*, 398 F.3d at 1121. The court may deny in forma pauperis status only

/////

when, after this careful evaluation, the court determines that the prior actions were dismissed because they were frivolous, malicious or failed to state a claim. *Id*.

Defendant identifies three cases[1] as strikes within the meaning of § 1915(g). The court need not examine all three cases, however, because the first – *Stribling v. Defazio*, E.D. Cal. Case No. 2:12-cv-02729-JAM-EFB – does not constitute a strike. There, the court dismissed plaintiff's complaint with leave to amend in its screening order because (1) plaintiff had joined unrelated claims; (2) plaintiff had included a claim that was the subject of another lawsuit; and (3) the allegations of the complaint were "too vague and conclusory to state a cognizable claim for relief and violate Rule 8." ECF No. 16 at 11-12. When plaintiff failed to file an amended complaint, the court dismissed the action "for failure to state a claim and failure to prosecute." *Id.* at 18-21.

While the question presents a close call here, under applicable Ninth Circuit standards the single failure to comply with Federal Rule of Civil Procedure 8(a) in *Stribling v. Defazio* cannot support using that case as a strike.

In assessing whether *Stribling v. Defazio* may constitute a strike, the court must ask whether the dismissing court passed on the merits of plaintiff's claims (that is, determined that the allegations failed to state a claim or were frivolous) or the plaintiff's state of mind (that is, whether the case was filed maliciously). *Knapp v. Hogan*, 738 F.3d 1106, 1109-10 (9th Cir. 2013). From review of the screening order, it is clear that the court did not pass on the merits of plaintiff's claims. There is no determination that the allegations failed to state essential elements of a claim or were frivolous. Nor did the court find that plaintiff acted maliciously in filing the complaint. Instead, the court determined that plaintiff's allegations were "too vague and conclusory" – a violation of Federal Rule of Civil Procedure 8(a) – and that plaintiff had additionally improperly joined a duplicative claim and unrelated claims.

The Ninth Circuit has held that dismissals following *repeated* violations of Rule 8(a) constitute dismissals for failure to state a claim under § 1915(g). *Knapp*, 738 F.3d at 1110 (emphasizing that the violation of Rule 8(a) must be repeated). Thus, a dismissal following a

---

[1] The court grants defendant's request for judicial notice of selected records from these actions. ECF No. 16.

3

single violation of Rule 8(a) does not constitute a strike. *Hendrix v. Nevada*, 689 F. App'x 532, 533 (9th Cir. 2017) ("[A]n initial dismissal of a complaint for violation of Federal Rule of Civil Procedure 8(a), with leave to amend, does not count as a strike."). Because *Stribling v. Defazio* was dismissed for a single, initial violation of Rule 8(a), it may not be considered a strike.

### III. Conclusion and Recommendation

Defendant has not met his burden of demonstrating that plaintiff has accrued "three strikes" under 28 U.S.C. § 1915(g), and it is therefore RECOMMENDED that his January 29, 2018 motion for the revocation of plaintiff's in forma pauperis status be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE