UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS,<br><br>Defendant. | No. 2:17-cv-2009-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant moves for summary judgment (ECF No. 26), arguing that plaintiff failed to exhaust his administrative remedies before filing this suit. Plaintiff has filed an opposition (ECF No. 30) and defendant has filed a reply (ECF No. 31). For the reasons stated below, defendant's motion must be granted.

## Legal Standards

I. <u>Summary Judgment</u>

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600

1

(1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the

3

proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

II. Exhaustion

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

/////

4

## Analysis

Plaintiff alleges that, on October 5, 2015 and while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"), defendant Lewis subjected him to excessive force by using - without penological justification - pepper spray against him. ECF No. 1 at 4. Defendant argues that plaintiff never exhausted a prison grievance raising that claim. He provides the declaration of C. Burnett – Appeals Coordinator at CSP-SAC – who states that a review of grievance records failed to uncover any relevant, exhausted grievance. ECF No. 26-4 at 4, ¶ 10. Burnett states that plaintiff submitted only one staff complaint in 2015 and it did not relate the incident alleged in the operative complaint. *Id.* at 4, ¶ 13; *see also* ECF No. 26-5 at 30-43 (allegation that, on September 4, 2015, plaintiff was assaulted by multiple correctional officers). Additionally, defendant argues that plaintiff cannot reasonably claim that the grievance system was unavailable to him during the relevant period insofar as he filed seven non-medical appeals during the period between October 2015 and September 2017. ECF No. 26-4 at 4, ¶ 9; *see also* ECF Nos. 26-5 – 26-11.

In his opposition, plaintiff asserts that he did exhaust the claim at issue. In support of this assertion, he provides an exhibit which contains two separate grievance documents. ECF No. 30 at 2-4. The first document is a third level grievance decision which rejected plaintiff's claim that two of his appeals – log numbers 15-04474 and 15-04458 – were improperly rejected on procedural grounds. *Id.* at 2-3. The second document is a single page from the aforementioned Log # 15-04458. *Id.* at 4. This page references the pepper spray incident at issue in this case. *Id.*

In his reply, defendant argues that neither of these documents establishes exhaustion. The court agrees. The first document is obviously limited to the issue of whether plaintiff's appeals were properly processed. The decision explicitly identifies the following as plaintiff's argument:

> It is appellant's position that his submitted appeals were incorrectly processed by appeals staff at the California State Prison – Sacramento (SAC). The appellant states that the decision to cancel his appeals was in error, as he made every effort to follow all instructions made by the institution's appeals staff. The appellant states that he attempted to obtain the documents requested by appeal staff, but he could not obtain a complete copy of the CDC Form 115, Rules Violation Report (RVR) requested from his assigned counselor.

*Id.* at 2.

The second document does mention Lewis' alleged use of pepper spray, but it does not exhaust any claim based on that act. Critically, plaintiff offers only one page of this grievance. Defendant has provided the entire form and, viewed in its full context, it is clear that this grievance was filed in order to contest a finding of guilty for a rules violation report (RVR). ECF No. 26-6 at 25. In the form line asking plaintiff to state the subject of the appeal, he writes that he is "[a]ppealing R.V.R. 1-15 Log no. psu-15-10-010." *Id.* In terms of relief, plaintiff requests that "[he] should not got (sic) found guilty by L.T. Would like the 1-15 dismissed and removed from my central file." *Id.* It is true that the pepper spray allegation informs the basis upon which plaintiff seeks reversal of the RVR (*id.* at 27), but addressing Lewis' use of pepper spray was not the underlying purpose of the grievance. Critically, the use of pepper spray was merely one reason cited by plaintiff as grounds for reversal of the RVR finding. He also claimed that defendant Lewis lied about several factors germane to the RVR, namely: (1) that plaintiff had disregarded his instructions to take two steps back; (2) that plaintiff had, in response to an order, stated "F . . . You Lewis, don't f . . . with me." (omissions in original); (3) that plaintiff had "spun around" to attack him when cuffs were removed; and (4) that plaintiff had attempted to punch defendant in the groin area by sticking his hand through the food tray of his cell. *Id.* "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (citation and internal quotation marks omitted). Here, plaintiff plainly indicated that the issue being complained of was the guilty finding in its entirety (not the use of pepper spray) and the relief sought was the expungement of the RVR conviction.

In any event, even if the grievance sufficed to put prison officials on notice of the pepper spray claim, it was not properly exhausted. The grievance was not accepted for review because plaintiff failed to attach the necessary supporting documents. ECF No. 26-6 at 31-32. Then, prison officials determined that plaintiff had failed to correct and return the grievance within the requisite time period. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548

U.S. 81, 90-91 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Thus, the filing of an untimely or procedurally defective grievance cannot satisfy the PLRA. *Woodford*, 548 U.S. at 83-84.

In his reply, defendant correctly notes that plaintiff's opposition does not raise an argument that the prison grievance procedures were unavailable to him. Nevertheless, defendant has elected to address this argument insofar as it might be inferred from plaintiff's exhibits. The court appreciates the defendant's thoroughness, but finds it unnecessary to address arguments which the plaintiff himself has not seen fit to raise in his opposition. Suffice it to say, plaintiff has failed to carry his burden of showing that the administrative remedies which he did not exhaust were actually unavailable to him. *See Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012), *rev'd on reh'g en banc*, *Albino*, 747 F.3d at 1162. ("Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable.").

## Conclusion

Based on the foregoing, it is RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 26) be GRANTED; and
2. This action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE